UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HOLT LACY ET AL** | **CASE NO.  2:22-CV-05978** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GEOVERA ADVANTAGE SERVICES INC** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Doc. 17) filed by Defendant GeoVera Specialty Insurance Company ("GeoVera Specialty"), wherein it requests the Court dismiss the claims of Plaintiffs Holt and Ruth Lacy ("Plaintiffs") on the basis of prescription. Plaintiffs oppose the motion. Doc. 20. Defendant has replied. Doc. 21.

### I.  BACKGROUND

This diversity action arises from damages sustained by Hurricane Laura to Plaintiffs' property at 2475 Walker Road, Sulphur, Louisiana ("Property") on August 27, 2020. Doc. 1-1, p. 4. Property was insured by GeoVera Specialty under Policy # GC80034130 ("Policy"). Doc. 14, p. 2. On August 22, 2022, Plaintiffs filed suit against Geovera Advantage Services, Inc. ("Geovera Advantage") in the 14th Judicial District Court for the Parish of Calcasieu alleging claims for damages for breach of contract and under Louisiana Revised Statutes sections 22:1892 and 22:1973. Doc. 1-1, pp. 3, 7–10. On November 16, 2022, GeoVera Advantage removed the case to this Court. Doc. 1. On November 22, 2022, GeoVera Advantage filed a Rule 12(b)(6) motion to dismiss (Doc. 6) alleging that it did not issue the Policy to Plaintiffs. The next day, Plaintiffs moved to

amend their complaint to substitute GeoVera Specialty for GeoVera Advantage. Doc. 8. On January 18, 2023, Plaintiffs' motion to amend was granted, doc. 13, and Amended Complaint was filed, doc. 14, naming GeoVera Specialty as the defendant. Doc. 14. On January 23, 2023, GeoVera Specialty was served with the complaint. Doc. 16. Prior to January 23, 2023, no defendant in this case had been properly served. Doc. 8-1, p. 2.

## II. LEGAL STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The Court can also consider documents referenced in and central to a party's claims only if plaintiffs do not object. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Courts "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (internal citation omitted) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir.1996) (unpublished opinion)).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. LAW & ANALYSIS

Here, GeoVera Specialty argues that when it was served on January 23, 2023, Plaintiffs' Hurricane Laura claims against it had prescribed because the twenty-four-month prescriptive period[1] commenced on August 28, 2020, and accrued on August 28, 2022. *Id.* at 1, 3. Plaintiffs contend that their amended complaint relates back to the filing of the original complaint pursuant to Rule 15 and thus is not prescribed. Doc. 20, pp. 4–5.

*Erie* commands "federal courts are to apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Thus, Federal Rule of Civil Procedure 15, a procedural rule for amendments to the pleadings, applies in federal court. However, in the accompanying notes to the 1991 Amendments to Rule 15, if the controlling body of limitations law "affords a more forgiving principle of relation back than the one provided in Rule 15, it should be available to save the claim." Also, *Erie* requires federal courts to apply state statutes of limitations to cases based on diversity jurisdiction; thus, Louisiana's comparable relation back law may apply. *See, e.g.*, *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 111–12 (1945). Relation back in Louisiana is governed by Louisiana Code of Civil Procedure article 1153; however, "Art. 1153 is based upon Federal Rule of Civil Procedure 15(c)." *Ray v. Alexandria Mall, Through St. Paul Prop. & Liab. Ins.*, 434 So. 2d 1083, 1085 (La. 1983). Accordingly, the Court will apply the federal rule since Article 1153 provides no more relief than Rule 15.

Rule 15(c) permits an amendment to a pleading to relate back to the original when:

---

[1] According to the Policy, doc. 8-3, p. 19, and Louisiana Revised Statutes section 22:868(B) (2023).

>    **(A)** the law that provides the applicable statute of limitations allows relation back;
>
>    **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
>    **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>    >    **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>    >
>    >    **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15.

Here, Rule 15(A) and (B) are not in dispute. As to (C), the notice period provided by Rule 4(m) applicable to relation back is generally 120 days. *E.g.*, *Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992). Furthermore, Plaintiffs have the burden to demonstrate that an amended complaint relates back under Rule 15(c); otherwise, their claims against GeoVera Specialty have prescribed. *See Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011).

GeoVera Specialty claims it is prejudiced because it did not receive notice of the action until it was served on January 23, 2023, which is 154 days after the original complaint was filed and in excess of Rule 15(c)(1)(C)'s 120-day notice requirement. Doc. 17-1, p. 4. By contrast, Plaintiffs argue that the original petition for damages was emailed to GeoVera Advantage on August 25, 2022, and as agent of GeoVera Specialty, GeoVera Advantage had a duty to inform GeoVera Specialty of all claims related information. Doc.

20, p. 6. Next, Plaintiffs argue that the Louisiana Insurance Commissioner is an agent for service of process, that they mailed a copy of the petition and summons to the Department of Insurance on October 11, 2022, and, even though not named as a defendant on this petition, GeoVera Specialty was served because its agent for service of process is also the Louisiana Commission of Insurance. *Id.* at 6–7. Next, Plaintiffs claim that notice may be imputed when two defendants, here the two GeoVeras, have been represented by the same defense counsel. *Id.* at 8. Plaintiffs conclude that GeoVera Specialty was given notice and knew an action was going to be brought against it. *Id.* at 9. GeoVera Specialty responds to these claims arguing that it and GeoVera Advantage are two separate and distinct companies. Doc. 21, p. 4.

The Court finds, on the face of Policy, that GeoVera Advantage is a brokerage, not an insurer.[2] Moreover, filing a lawsuit on the brokerage does not automatically impute knowledge on the insurance policy provider, GeoVera Specialty.[3] Plaintiffs various arguments that knowledge was imputed on GeoVera Specialty are too attenuated. Therefore, Plaintiffs have failed to meet their burden to establish that GeoVera Advantage shared its knowledge of the action with GeoVera Specialty to the extent that GeoVera Specialty had notice of the action, and that it was the intended defendant, within 120 days of the filing of the original complaint.

Next, Plaintiffs argue that they should be allotted additional time in excess of the 120-day limit for good cause under Rule 4(m) even though GeoVera Specialty did not have

---

[2] Doc. 8-3; *see also* GeoVera Insurance Group, https://geovera.com/geovera-advantage/ (last visited April 19, 2023).
[3] Doc. 8-3.

knowledge that it was the intended defendant until it was served on January 23, 2023, which is 34 days in excess of Rule 15(c)(1)(C)'s 120-day requirement. Plaintiffs maintain the burden to show good cause, and, as Plaintiffs correctly point out in their Memorandum in Support (Doc. 20, p. 12), the Fifth Circuit's position for "[w]hat amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." *E.g.*, *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). Here, Plaintiffs allege that removal of this action and pending motions before the Court prevented them from being able to amend and serve the correct defendant, GeoVera Specialty. Specifically, Plaintiffs argue that their delay was attributable to Rule 15(a), which they claim, "allows a party to amend its pleadings 'only with the other party's written consent or leave.'" Doc. 20, p. 13. But Rule 15(a) provides that as a matter of course, a pleading may be amended once within 21 days of serving it or, if the pleading is one which a responsive pleading is required, within 21 days after service of the responsive pleading or pre-answer motion. GeoVera Advantage filed a pre-answer motion on November 22, 2022. Doc. 6. The next day, Plaintiffs asserted in their November 23, 2022 Motion for Leave to Amend that "[n[o defendant has been properly served in the instant suit." Doc. 8-1, p. 2. Thus, Plaintiffs were not required by Rule 15(a) to seek leave of court, or consent from GeoVera Advantage, before filing their amended complaint. These unneeded steps caused the delay in obtaining service on intended defendant, GeoVera Specialty. Additionally, the original petition was filed against the wrong defendant five days before it prescribed. These facts do not justify good cause.

Ultimately, Plaintiffs did not serve GeoVera Specialty until 148 days after their claim had prescribed against that defendant. Plaintiffs did not meet their burden under Rule 15(c) to show that their January 18, 2023 Amended Complaint related back to the filing of the original petition.

## IV. CONCLUSION

For the foregoing reasons, Defendant GeoVera Specialty Insurance Company's Motion to Dismiss (Doc. 17) will be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on this 20th day of April 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**